407 P.2d 570

Fred D. HUDSON, dba Hudson Investment Co., Plaintiff and Appellant,

v.

BETTILYON'S INC., a corporation, dba Bettilyons Construction Company, Defendant and Respondent.

No. 10378.

Supreme Court of Utah.

Nov. 5, 1965.

---

John Elwood Dennett, Salt Lake City, for plaintiff and appellant.

Verden E. Bettilyon, Salt Lake City, for defendant and respondent.

CALLISTER, Justice:

Defendant, Bettilyon's Inc., was the general contractor for the construction of a building. It entered into a sub-contract with one Lynn Gawans for the installation of the roof for a total contract price of $30,482. In this sub-contract Gawans agreed, among other things, to satisfy any liens filed against the premises by reason of his work and to indemnify Bettilyon's from and against any such liens.

On October 25, 1962, about one month after the execution of the sub-contract, Gawans obtained a loan from plaintiff Hudson in the sum of $3,750. As security for the loan, Gawans delivered to plaintiff a document entitled "Assignment of Earnings" duly signed by Bettilyon's Inc. Among other things, it provided that all moneys due and payable to Gawans under his sub-contract would be paid by checks made payable to Gawans and Hudson jointly.

One payment of $15,300 was made to Gawans by a check payable to both Gawans and Hudson. The latter endorsed the check but did not see fit to retain any part thereof to apply upon Gawans' indebtedness. Subsequently, one of Gawans' suppliers filed a lien against the premises in the amount of $17,879.78. Bettilyon's paid the $15,182 remaining under the sub-contract

to the supplier and obtained a release of the lien. Plaintiff complains that Bettilyon's, by virtue of the assignment, had no authority to pay the supplier but should have issued a check to himself and Gawans for the balance due under the sub-contract. The lower court correctly held otherwise.

Affirmed. Costs to defendant.

HENRIOD, C. J., and McDONOUGH, CROCKETT and WADE, JJ., concur.